UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  **5:23-cv-01585-FLA-MAR**                                    Date: August 21, 2023

Title:   *David Calderon v. S. Smith*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| VALERIE VELASCO | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNEXHAUSTED; ORDER RE: REQUEST FOR COUNSEL**

### I.
### INTRODUCTION

Petitioner, David Calderon ("Petitioner"), proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his 2021 conviction. ECF Docket No. ("Dkt.") 1 at 2. Petitioner appears to admit that at least (3) of his claims have not been presented to the state court. Id. at 5, 209. Petitioner does request a stay so that the state courts can finish resolving certain post-conviction evidence motions Petitioner has filed. Id. at 220–21. However, Petitioner does not indicate that he is attempting to exhaust his claims in state court, nor does he explain any potential basis for a stay in this context. Id. Accordingly, some or all of Petitioner's claims appear subject to dismissal. The Court will not make a final determination regarding whether the claim should be dismissed, however, without giving Petitioner an opportunity to supplement his request for a stay or file an amended petition.

Petitioner also requests that counsel be appointed for him. Id. at 218–19. For the reasons discussed below, his request his **DENIED**, without prejudice to renewal should circumstances change.

### II.
### EXHAUSTION

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:23-cv-01585-FLA-MAR**                          Date: August 22, 2023

Title:   *David Calderon v. S. Smith*

For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

Here, Petitioner concedes his first, fourth, and fifth claims have not been presented to the state courts.  Dkt. 1 at 5, 209.  Furthermore, though Petitioner checked the box indicating that his other claims were included in his direct appeal, he does not explicitly list the claims in the space provided; instead, Petitioner lists two seemingly distinct claims.  Id. at 3.  Additionally, while Petitioner indicates the other claims were included in his state habeas petitions, he also indicates he did not file any state habeas petitions.  Id. at 3–4.  Ultimately, Petitioner appears to admit at least three (3) of his claims have not been exhausted, and the Petition indicates that the other two (2) claims may not have been exhausted either.

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts.  Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines).  This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.  The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the unexhausted claim in state court.  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court.  315 F.3d at 1070-71.  Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies."  King v. Ryan, 564 F.3d 1133, 1135.  A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition."  Id. (citing Kelly, 315 F.3d at 1170-71).  Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed."  Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d at 661).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:23-cv-01585-FLA-MAR**                                Date: August 22, 2023

Title:   *David Calderon v. S. Smith*

    While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA.  28 U.S.C. § 2244(d)(1); see also King, 564 F.3d at 1140-41 ("A petitioner seeking to use the Kelly procedure will be able to amend his [or her] unexhausted claims back into his federal petition once he [or she] has exhausted them only if those claims are determined to be timely.").  After expiration of the AEDPA limitations period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (internal citations omitted).

    Because Petitioner has not explained his basis for the stay, the Court is unable to determine whether Petitioner has shown there is good cause for his failure to exhaust, as is required for a Rhines stay.  If there is not good cause, Petitioner may still request a Kelly stay; however, the Court warns Petitioner that even if he obtains a Kelly stay, any newly-exhausted claim(s) may be time-barred when Petitioner would file his First Amended Petition.

**III.**
**REQUEST FOR COUNSEL**

    Magistrate judges are empowered to appoint counsel for any financially eligible individual at any point in a habeas case when the interests of justice so require.  18 U.S.C. § 3006A(a)(2)(B); see also Habeas Rule 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A … These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.").  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

    Here, Petitioner argues he is entitled to the appointment of counsel because he is "illiterate" and suffers from dyslexia, and because the case is factually complex.  Dkt. 1 at 218–19  The Court notes that the Petition is coherent and facially well-pled; it does not reflect that Petitioner has an inability to articulate his claims pro se.  Furthermore, Respondent has not yet responded to the Petition and thus there has not been substantial briefing on Petitioner's claims.  Petitioner has not otherwise demonstrated a high likelihood of success on the merits of his claims at this stage, or that his claims involve particularly complex legal issues.  Considering these facts together, the Court finds that the interests of justice do not require that counsel be appointed for Petitioner at this time.  Accordingly, Petitioner's Request is **DENIED**, without prejudice to refiling should circumstances change.
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:23-cv-01585-FLA-MAR**                                Date: August 22, 2023

Title:   *David Calderon v. S. Smith*

**IV.**
**ORDER**

   Thus, the Court **ORDERS** Petitioner to respond to this Order to Show Cause **no later than September 12, 2023** by electing one of the following options:

   1.  Request a <u>Rhines</u> stay and file a supplemental brief explaining why there is good cause for his failure to exhaust;

   2.  Request a <u>Kelly</u> stay; or

   3.  Explain which claims have been exhausted and file a First Amended Petition, striking any unexhausted claims.

   If Petitioner fails to demonstrate he is entitled to a <u>Rhines</u> or <u>Kelly</u> stay, **or fails to respond by September 12, 2023**, the Court may recommend that the Petition be dismissed.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | vv |